**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GULF COAST SHIPYARD GROUP, INC.** § | | **PLAINTIFF** |
| § | | |
| § | | |
| **VERSUS** § | | **Civil No. 1:14cv318-HSO-JCG** |
| § | | |
| **CRESCENT COATINGS &** § | | **DEFENDANT** |
| **SERVICES, INC.** § | | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
CRESCENT COATINGS AND SERVICES' MOTION FOR SUMMARY
JUDGMENT,  DENYING DEFENDANT'S MOTION TO STRIKE
EXPERT TESTIMONY OF BOBBY SURENDRA, AND GRANTING
IN PART AND DENYING IN PART DEFENDANT'S MOTION
TO STRIKE NON-RETAINED EXPERTS**

BEFORE THE COURT are three motions filed by Defendant Crescent

Coatings & Services, Inc. ("Defendant").  Defendant's Motion [37] for Summary

Judgment was filed on April 7, 2015.  On April 20, 2015, Defendant also filed a

Motion [39] to Strike the non-retained expert witnesses designated by Plaintiff Gulf

Coast Shipyard Group, Inc. ("Plaintiff"), and a Motion [41] to Strike Gulf Coast's

designation of Captain Bobby Surendra ("Surendra") as a retained expert.  All three

Motions have been fully briefed.  After due consideration of the record, relevant

legal authorities, and the parties' submissions, and for the reasons stated herein,

the Court finds that: (1) Defendant's Motion [37] for Summary Judgment should be

denied; (2) Defendant's Motion [39] to Strike Plaintiff's non-retained expert

witnesses should be granted in part and denied in part, allowing the named persons to provide only lay witness testimony as to facts and personal observations; and (3) Defendant's Motion [41] to Strike Plaintiff's designation of Surendra as an expert witness should be denied.

## I.  BACKGROUND

Trinity Yachts, L.L.C. ("Trinity") entered into a contract with Defendant to provide sandblasting services in connection with Trinity's construction of several platform service vessels.  Compl. [1], at 1.  Plaintiff Gulf Coast succeeded to Trinity's rights under the contract in May 2013.  *Id.* at 2.  One of the vessels under construction at Plaintiff's shipyard in Gulfport, Mississippi, was to be the HARVEY ENERGY, a state-of-the-art dual-fuel platform supply vessel commissioned by Harvey Energy, LLC, and Harvey Power, LLC.  Pl.'s Resp. [43] to Mot. Summ. J., at 2.  On the weekend of October 12–13, 2013, while Defendant's employees worked onboard the HARVEY ENERGY, Plaintiff alleges that Defendant "allowed sand and other sandblasting residue from its operations to come into contact with and contaminate certain electrical equipment onboard the vessel."  *Id.*

Plaintiff filed suit on August 19, 2014, advancing claims for negligence and breach of contract, and claiming damages exceeding $350,000.00, plus interest, costs, and attorneys' fees.  Pursuant to the discovery deadlines set forth in the Court's Case Management Order [17] for this non-jury trial, Plaintiff's expert designations were due on December 15, 2014, and Defendant's expert designations were due on January 15, 2015.  Both parties timely filed expert designations.

Defendant's retained expert, Dr. David Engel with Nexo Solutions, issued a report stating that, in his opinion as an analytical chemist, "the samples of contaminants taken from inside of the electrical control room and electrical panels" did not contain particles matching "a sample of unused blasting sand that Crescent . . . used during the time of the alleged contamination." Aff. of David B. Engel [37-8]. Pursuant to Federal Rule of Civil Procedure 26, Plaintiff's deadline to designate any rebuttal expert would have been February 16, 2015. FED. R. CIV. P. 26. Because Plaintiff has not designated an expert chemist to rebut Engel's conclusion, Defendant argues that it is entitled to summary judgment in its favor. Defendant also objects to the sufficiency of Plaintiff's expert designations as to Plaintiff's retained expert Surendra [42] and as to its non-retained experts [40], based on Plaintiff's failure to produce reports or relate the subject matter of the witness' testimony.

Plaintiff responds that this is a "simple," "common-sense" case for which expert testimony is not necessary. Pl.'s Resp. [43], at 6, 8. Plaintiff argues that it has presented evidence in the form of affidavit testimony that:

(1) The equipment was clean and dry at the end of the day Friday and on Saturday morning;
(2) No work was done in the control room over the weekend;
(3) Defendant was the only sandblaster who had ever worked on the vessel up to that point;
(4) Over the weekend, Defendant was working on a ballast tank directly below the control room separated only by a manhole; and
(5) On Monday, when employees returned to work, they observed that the manhole cover leading to the ballast tank was open and the control room was "covered in what appeared to be sandblast residue."

*Id.* at 6.  Plaintiff further contends that Defendant's expert report is of questionable reliability because the samples upon which Defendant's expert relied were collected from the vessel one month after the contamination occurred, and after the equipment had been cleaned, removed, and stored for several weeks in the shipyard warehouse.  *Id.* at 9.

In addressing Defendant's objection to its expert designations, Plaintiff clarifies that its non-retained expert witnesses also will provide "lay witness opinion testimony and fact testimony," because these witnesses are employees of various subcontractors who discovered or observed the damage and supplied reports to Defendant.  Pl.'s Response to Def.'s Mot. to Strike Non-retained Experts [47],  at 1–2.  Plaintiff further asserts that it provided Defendant with the allegedly missing reports concerning its retained expert Surendra and complied with all applicable disclosure rules.  Pl.'s Response to Def.'s Mot. to Strike Surendra [46], at 1.  In Reply [29], Defendant admits it received the documents at issue by email, but objects that they were not attached to the expert witness designation.  *Id.* at 1–2.  Defendant further asserts that Surendra's reports did not sufficiently disclose his opinions and the facts upon which those opinions relied.  *Id.* at 2–5.

## II.  DISCUSSION

A.    Defendant's Motion for Summary Judgment

1.    Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Cox*

*v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* FED. R. CIV. P. 56(a).  In deciding a motion for summary judgment, the Court "view[s] the evidence and draw[s] reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).  Before it can determine that there is no genuine issue for trial, the Court must be satisfied that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

      2.    <u>Analysis</u>

Defendant asserts that its retained expert's report shows that the sand used by Defendant in conducting its operation was not found among the contaminants sampled from the control room, which prevents Plaintiff from establishing an essential element of its claim, namely causation.  Def.'s Reply [38], at 12.  Plaintiff responds that it can establish causation through the testimony of employees onboard the vessel and "common-sense" and raises credible concerns about the reliability of the samples provided to Defendant's expert.  Pl.'s Resp. [43], at 5–6, 9.  Plaintiff also points out that it has raised a breach of contract claim as well as tort claims.  Both parties have presented competent summary judgment evidence in support of their arguments.  Thus, the Court finds a genuine issue of material fact as to causation remains for trial.  While this is not the only issue of material fact remaining, the question is sufficient to defeat summary judgment.

B.     Defendant's Motions to Exclude Expert Testimony

    1.     Legal Standard

    In civil litigation, parties must designate and disclose "the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."  FED. R. CIV. P. 26(a)(2)(A).  Federal Rule of Civil Procedure 26(a)(2) requires more detailed expert disclosures when an expert witness is "retained or specially employed to provide expert testimony in the case or [his] duties as an employee of the party regularly involve giving expert testimony." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004).  Retained expert witnesses must provide "a written report prepared and signed by the witness" to accompany the party's designation.  FED. R. CIV. P. 26(a)(2)(B).  The report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.*  For non-retained experts who do not provide a written report, the disclosure must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  FED. R. CIV. P.

26(a)(2)(C).

While rebuttal and supplementation of disclosures are allowed, an untimely supplementation cannot cure a facially inadequate disclosure. *See Sierra Club, Lonestar Chapter v. Cedar Point Oil Co*, 73 F.3d 546, 571 (5th Cir. 1996) (explaining that "[t]he purpose of rebuttal and supplementary disclosures is just that–to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."). Pursuant to Local Uniform Civil Rule 26(a)(2)(B), "[a]n attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or *sua sponte* by the court." L.U. Civ. R. 26(a)(2)(B). Similarly, Federal Rule of Civil Procedure 37(c)(1) provides, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); *see also Elliot v. Amadas Indus., Inc.*, 796 F. Supp. 2d 796, 803 (S.D. Miss. 2011).

"To determine whether to exclude an individual who is not properly identified under the FRCP, the Court considers four factors: '(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.'" *Bridges v. Enter. Products Co.*, 551 F. Supp. 2d 549, 555–56 (S.D. Miss.

2008) (quoting *Hamburger*, 361 F.3d at 882).  In weighing these factors, the Court is mindful that "[t]he purpose of these disclosure requirements is to eliminate unfair surprise to the opposing party."  *Moore v. Lipscomb Oil Co.*, No. 3:13cv267-MPM-SAA, 2015 WL 1037654, at *1 (N.D. Miss. Mar. 10, 2015) (quotation omitted).

  2. <u>Analysis of Plaintiff's Non-retained Expert Designation</u>

  Defendant moves to strike Plaintiff's disclosure of non-retained experts on grounds that Plaintiff's non-retained expert designation "does not disclose either the subject matter the witnesses will offer testimony on, or the facts and opinions the witnesses will offer, as required by the Federal Rules of Civil Procedure and this Court's local rules."  Def.'s Mot. Strike Non-Retained Expert Witnesses [39], at 1. Plaintiff admits that Rule 26 "requires only that Plaintiff advise Crescent regarding the subject matter on which the witnesses will testify and a summary of the facts and opinions."  Pl.'s Resp. [47], at 2.  Yet, Plaintiff's designation of non-retained expert witnesses is devoid of any such description, revealing only the following information:

> Gulf Coast also designates the following witnesses who have not been retained and/or specially employed to provide expert testimony in this case:
>
> (1) Larry Roberts, Mike Bubrig, David Brasher
> or some other representative of Meitec, Inc.
> 2800 Veterans Memorial Blvd., Suite 260
> Metairie, LA 70002
>
> (2) Peter Jacobs, Johannes Loupsa, Tim Pham, Michael Christensen
> or some other representative Wartsila North America, Inc.

(3) Bruce Gerhardt, Ralph Lindfors
or some other representative of South Coast Electric Systems, LLC
13061 Road D, Port Bienville
Bay St.Louis, MS 39520

Pl.'s Designation of Expert Witnesses [47-1], at 2.  Although Plaintiff submits that it separately produced documents authored by these non-retained experts either during discovery or before suit was filed and that their identity was known to Defendant, a citation to these reports in the expert designation might have sufficed to direct Defendant to the proper report.  Plaintiff did not even do this much.  Defendant cannot be charged with the responsibility of matching reports to the listed witnesses amid all the documents produced in discovery.  Moreover, it is plainly insufficient for Plaintiff to state that it also might call unnamed employees of its subcontractors.  At a minimum, parties must disclose the "identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."  FED. R. CIV. P. 26(a)(2)(A).  Accordingly, Plaintiff will be limited to testimony only from those persons named in the disclosure.

In determining whether these individuals' testimony should be excluded or limited further based on Plaintiff's insufficient disclosure of the subject matter of their testimony, the Court considers "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."  *Bridges*, 551 F. Supp. 2d at 555–56.

Plaintiff offers no explanation for its failure to properly identify the non-

retained experts or their opinions, but argues that Defendant was separately

provided with documents the non-retained experts had authored and "will not be

prejudiced or surprised at the trial of this straightforward case." Pl.'s Resp. [47], at

1. Plaintiff also submits that the fact and lay witness testimony of these

individuals is important to its case, and that because this case is set for a bench

trial, the Court's gatekeeping role as to expert testimony is significantly

diminished. *Id.* at 3–4 (citing *Harris v. Bruister*, No. 4:10cv77-DPJ-FKB, 2013 WL

6805155, at *18 (S.D. Miss. Dec. 20, 2013)). Defendant replies that Larry Roberts'

statement was not produced in discovery even though it "may have been provided to

Crescent's underwriter's claim adjuster." Def.'s Reply [48], at 2. Defendant also

objects because even after reviewing the "reports," it is "unclear what opinions Gulf

Coast plans to solicit from these experts, how they are relevant . . . or why they

should be admissible at trial." *Id.* at 3. Defendant argues that it should not be

"required to speculate on the relevance of non-retained experts." *Id.*

Plaintiff has not demonstrated that its failure to properly disclose the subject

matter, facts, and opinions to which the non-retained expert witnesses were

expected to testify was harmless or substantially justified. *See* Fed. R. Civ. P.

37(c)(1). The Court finds, however, that these persons potentially have important

fact or lay opinion testimony to offer based on their personal observations. The

Court will not exclude their testimony entirely based on Plaintiff's incomplete

designation, but will limit their testimony to facts and lay opinions based upon first-

hand knowledge or observation pursuant to Federal Rule of Evidence 701. Because

this case is set for a bench trial, the Court is confident that it can limit testimony accordingly and disregard or exclude any improper expert opinions that may be inadvertently expressed at trial.  Defendant's Motion [39] to Strike the non-retained expert witnesses will be granted in part and denied in part, such that the named witnesses may offer fact and lay opinion testimony, but will not be permitted to offer expert testimony.

       3.    <u>Analysis of Plaintiff's Retained Expert Designation</u>

Defendant's objection to Plaintiff's retained expert, Surendra, also revolves around the sufficiency of reports and document production.  Defendant asserts that Surendra's curriculum vitae (or "CV"), list of cases, publications, and compensation were emailed separately rather than included in the designation or formal document production.  Def.'s Reply [49], at 1; *see also* Pl.'s Resp. [46], at 2.[1] Defendant also contends that Surendra's reports do not contain his opinions or the facts and data he considered in forming them.  Def.'s Reply [49], at 4.  Plaintiff counters that Defendant has been provided all the information necessary to comply with Rule 26 and "[t]here is no basis to prevent Surendra from providing his opinions at trial."  Pl.'s Resp. [48], at 4.

The Court finds that Plaintiff's submission of some of the Rule 26 information by email, though procedurally incorrect, was harmless and should not be grounds to

---

[1] Initially, there was some disagreement as to whether these documents had been produced at all.  Defendant's counsel has since acknowledged that the CV and information concerning fees were emailed separately to counsel but were inadvertently overlooked.  Def.'s Reply [49], at 1.

strike Surendra's expert testimony.  Defendant's objection to the content of Surendra's reports, however, is not entirely without merit.  The reports use phrases such as "it was reported that" and "reportedly" without specifying who was reporting these facts to Surendra.  Surendra Rept. [46-2], at 1–2.  Moreover, the reports do not specifically state how Surendra came to the conclusion that "sandblasting dust" was the contaminate on the equipment.  *Id.*  The Court, however, is of the opinion that Defendant can sufficiently explore these issues through cross-examination at trial.  Further clarification of Surendra's opinions or the sources of underlying facts are unnecessary at this time.  Importantly, at trial, Surendra will be limited to providing expert opinions consistent with those expressed in his reports.  Nothing more will be permitted.  Defendant, therefore, will not be surprised at trial by any unanticipated expert opinion.  Defendant's Motion [41] to Strike Plaintiff's Designation of Bobby Surendra as Retained Expert will be denied.

### III.  <u>CONCLUSION</u>

For the reasons stated more fully herein,

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Defendant Crescent Coatings & Services, Inc.'s Motion [37] for Summary Judgment is **DENIED**; its Motion [39] to Strike Plaintiff's non-retained expert witnesses is **GRANTED IN PART AND DENIED IN PART**, allowing the named persons to provide fact and lay opinion testimony based upon their personal observation; and its Motion [41] to Strike Plaintiff's designation of Captain Bobby Surendra as a

retained expert witness is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 12th day of June, 2015.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE